ROBERT J. CALDWELL
Nevada Bar No. 007637
WILLIAM D. SCHULLER
Nevada Bar No. 011271
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:   rcaldwell@klnevada.com
          wschuller@klnevada.com

TIFFANY R. THOMAS
Admitted *Pro Hac Vice*
**REED SMITH LLP**
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email:    tthomas@reedsmith.com

JULIA Y. TRANKIEM
Admitted *Pro Hac Vice*
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
Email:    jtrankiem@reedsmith.com

Attorneys for Defendant,
UNITED AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THEODORE PAVLIK, an individual,<br><br>                    Plaintiff,<br><br>         vs.<br><br>UNITED AIRLINES, INC., a foreign corporation; DOES 1 through 10 inclusive; and ROES CORPORATIONS/ENTITIES 1 through 10 inclusive,<br><br>                    Defendants. | No.: 2:15-CV-00885-APG-PAL<br><br>**STIPULATION AND [PROPOSED] ORDER TO STAY REQUIREMENTS OF FED. R. CIV. PROC. 26** |

1 Plaintiff Theodore Pavlik and Defendant United Airlines, Inc., by and through its undersigned 2 counsel, stipulate to, and request, an order staying discovery and staying compliance with Rule 26 of the 3 Federal Rules of Civil Procedure and Local Rule 26-1. The grounds for this stipulation are set forth below.

4 The power to stay discovery proceedings "is an incident of the well recognized power inherent in 5 every court to control the disposition of the causes on its docket with economy of time and effort for itself, 6 for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Stern v. United* 7 *States*, 563 F. Supp. 484, 489 (D. Nev. 1983) ("Every court has the inherent power to stay causes on its 8 docket with a view to avoiding duplicative litigation, inconsistent results, and waste of effort by itself, the 9 litigants and counsel"). A district court has wide latitude in controlling discovery, and its rulings will not be 10 overturned in the absence of clear abuse of discretion. *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1416-11 17 (9th Cir. 1987). Common examples of situations in which a motion to dismiss may warrant a stay of 12 discovery include when the motion raises jurisdiction, venue, or immunity as a preliminary issue to be 13 decided. *See Twin Cities Fire Ins. Co. v. Employers Ins. of Wasau,* 124 F.R.D. 652, 653 (D. Nev. 1989).

14 Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1 require parties to confer 15 regarding discovery to develop a discovery plan and scheduling order after a defendant answers a 16 complaint or otherwise appears in the action. Defendant has appeared in this action. However, the Court is 17 confronted with threshold questions as to the appropriate or most suitable forum in which this case should 18 be litigated. Currently pending, but not fully briefed, before the Court are: (1) Defendant's Motion to 19 Dismiss (#10); and (2) Defendant's Motion to Transfer Venue (#12). As explained in the Motion to 20 Transfer, Defendant argues that this case should be litigated in the Central District of California. The Court 21 granted Plaintiff an extension of briefing dates relative to these motions such that briefing will not be 22 complete until the end of July. Until the Motion to Transfer is decided such that this Court determines the 23 appropriate forum for this case, all parties agree that it would not be economical, efficient, or wise to 24 commence Rule 26 procedures and obligations as well as discovery in general. After the Court decides, 25 and the parties thereby know, in which forum this case will be litigated, the parties can address Rule 26 and 26 discovery issues in accordance with the applicable forum's rules. Accordingly, the parties request that the 27 Court order a stay of discovery and stay of compliance with Fed. R. Civ. P. 26 and LR 26-1 pending the 28 Court's rulings on the Motion to Dismiss and Motion to Transfer.

The parties further stipulate and agree that the stay shall terminate after the Court renders its decisions on the pending motions, and the Parties will conduct the conference mandated by Rule 26(f) and Local Rule 26-1 within fourteen (14) days thereof.

| | |
|---|---|
| Dated: July 9, 2015 | Dated: July 9, 2015 |
| **ESTEBAN-TRINIDAD LAW, P.C.** | **REED SMITH LLP** |
| /s/ M. Lani Esteban-Trinidad<br>M. LANI ESTEBAN-TRINIDAD, ESQ.<br>4315 N. Rancho Drive, Ste. 110<br>Las Vegas, Nevada 89130<br>Telephone: (702) 736-5297<br>Fax: (702) 736-5299 | /s/ Julia Y. Trankiem<br>TIFFANY RENEE THOMAS, ESQ.<br>JULIA Y. TRANKIEM, ESQ.<br><br>and |
| Attorney for Plaintiff,<br>THEODORE PAVLIK | WILLIAM D. SCHULLER, ESQ.<br>ROBERT J. CALDWELL, ESQ.<br>**KOLESAR & LEATHAM** |
| | Attorneys for Defendant,<br>UNITED AIRLINES, INC. |

### **[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: _____ July 14 \_\_, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

JULIA Y. TRANKIEM
Admitted *Pro Hac Vice*
**REED SMITH LLP**
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071-1514
Telephone: (213) 457-8000
Facsimile: (213) 457-8080
Email: jtrankiem@reedsmith.com

Attorneys for Defendant,
UNITED AIRLINES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Reed Smith LLP and that on the 9th day of July, 2015, I caused to be served a true and correct copy of the foregoing **STIPULATION AND [PROPOSED] ORDER TO STAY REQUIREMENTS OF FED. R. CIV. PROC. 26** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5-4 of the Local Rules of Civil Practice of the United States District Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

*[signature]*
An employee of Reed Smith LLP